**Patrick Papalia**
*Member of New Jersey, New York and Washington DC Bars*
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
ppapalia@archerlaw.com
201-498-8504 Direct

Archer & Greiner, P.C.
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
201-342-6000 Main
201-342-6611 Fax
www.archerlaw.com

September 30, 2026

**VIA ECF**

The Honorable Susan D. Wigenton, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re: Response to Plaintiff's Letter Dated September 30, 2026**
M.K.O. v. Seton Hall University, Case No. 2:26-cv-09341

Dear Judge Wigenton:

This firm represents Defendants Seton Hall University ("SHU") in the above-referenced action. Please accept this letter in response to Plaintiff, M.K.O.'s ("Plaintiff") letter dated September 30, 2026, requesting that the Court decide his motion to proceed under a pseudonym and file under seal that was terminated upon the Court's August 14, 2026 Order dismissing the action for Plaintiff's failure to pay the required filing fee. (ECF No. 7).

As a result of Plaintiff's motion being terminated with the Court's August 14, 2026 Order, the motion is not currently pending. If the motion is being relisted, SHU will oppose the motion. If the Court reinstates the motion, SHU respectfully requests that it be set with a briefing schedule.

SHU also opposes Plaintiff's request to seal SHU's pending motion to dismiss pending resolution of his terminated motion. As an initial matter, Plaintiff's request has not been made by motion or emergent application as required by Local Civil Rule 5.3(c)(1) and Local Civil Rule 5.3(c)(9). Plaintiff has also failed to address with particularity required topics enumerated in Local Civil Rule 5.3(c)(3). Plaintiff's request to seal SHU's motion to dismiss should be rejected for these reasons alone.

Notwithstanding Plaintiff's failure to comply with the Court's Local Civil Rules, Plaintiff has failed to rebut the presumptive right of public access to pretrial motions of a non-discovery nature. See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019)("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."). The party

seeking to overcome the presumption of access bears the burden of showing "that the interest in secrecy outweighs the presumption." Id. (quoting Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates, 800 F.2d 339, 344 (3d Cir. 1986)). The movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Id.

Plaintiff has failed to demonstrate that his felony record is the kind of information the courts will protect nor any clearly defined and serious injury as a result of SHU's motion to dismiss on the public docket. Plaintiff's only asserted "injury" is the purported embarrassment he may face if this litigation remains public, and the potential denial of employment if this litigation is uncovered by a prospective employer. Both stem from Plaintiff's status as a convicted felon for child-related crimes, and neither are sufficient to overcome the strong presumption of public access.

Further, before sealing any motion, the "District Court must articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[ ] an opportunity for interested third parties to be heard.'" Id. at 672-73 (quoting In re Cendant Corp., 260 F.3d 183,194 (3d Cir. 2001)). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." Id. at 673. "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." Id. (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 167 (3d Cir. 1993). To that end, the District Court must "conduct[ ] a document-by-document review" of the contents of the challenged documents." Id.

Plaintiff's brief letter request to seal SHU's motion to dismiss is wholly insufficient to satisfy these requirements. Plaintiff must file a motion, SHU must be provided an opportunity to be heard, and the Court must respectfully make specific findings on the record – a futile exercise given that the social and economic repercussions of Plaintiff's felony conviction cannot possibly overcome the strong presumption of openness. Accordingly, Plaintiff's request to seal SHU's pending motion to dismiss should be rejected.

Thank you for Honor's consideration of this matter.

Respectfully,
*Patrick Papalia*
PATRICK PAPALIA

232772063 v1