**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

M.K.O.,

Plaintiff,

v.

SETON HALL UNIVERSITY,

Defendant.

Civil Action No. 2:26-cv-09341 (SDW)(ADS)

---

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM, TO SEAL OR REDACT ECF NOS. 10-1, 10-3, 15, 15-1, 15-2, AND 16, AND FOR INTERIM RELIEF

Response due October 19, 2026; reply due October 26, 2026 (ECF No. 17)

## Table of Contents

**Page**

PRELIMINARY STATEMENT....................1

STATEMENT OF FACTS....................3

A. The State dismisses the sexual-assault counts, but the public docket still pairs Plaintiff's name with them....................3

B. The complainants' mother circulates the charges, and commenters call for violence....................5

C. Two New Jersey courts protect the record; two requests fail....................7

D. Seton Hall files Plaintiff's name 168 times and refuses to stop....................9

ARGUMENT....................11

I. Plaintiff should proceed by initials because his surname identifies two children whose identities the law protects....................11

A. The children's identities are confidential by statute and by rule....................11

B. Plaintiff's name is the link to the children, and Seton Hall's filings supply it....................13

C. Two New Jersey courts have already protected this record....................15

II. Plaintiff independently satisfies the *Megless* test....................16

A. Plaintiff's fear of severe harm is reasonable and documented. ....................17

B. The factors favoring anonymity are satisfied....................20

C. The factors disfavoring anonymity do not outweigh them....................25

D. The cases denying anonymity to students accused of sexual misconduct do not control....................26

III. The Court should redact the identified filings under Local Civil Rule 5.3(c) because redaction removes the identifiers and leaves every argument public....28

IV. The Court should enter interim relief now because the identifying filings will multiply before this motion is decided....31

RELIEF REQUESTED....34

## Table of Authorities

**Cases** **Page(s)**

*Ali v. Davis*,
No. 19-18403, 2021 WL 2376733 (D.N.J. June 10, 2021)..............30

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
924 F.3d 662 (3d Cir. 2019)....................................................28, 31

*B.L. v. Fetherman*,
No. 22-3471, 2023 WL 1818402 (D.N.J. Feb. 8, 2023)............14, 19

*B.L. v. Zong*,
No. 3:15-cv-1327, 2017 WL 1036474
(M.D. Pa. Mar. 17, 2017)........................................................21, 22

*Bock v. Pressler & Pressler, LLP*,
No. 11-7593, 2014 WL 1233039 (D.N.J. Mar. 25, 2014)................29

*D.M. v. County of Berks*,
929 F. Supp. 2d 390 (E.D. Pa. 2013)................................13, 22, 23

*Doe I v. Chaparro*,
No. 25-13961, 2025 WL 3707509 (D.N.J. Dec. 22, 2025)..............33

*Doe v. City of Philadelphia*,
No. 23-0342, 2023 WL 4110064 (E.D. Pa. June 21, 2023).............16

*Doe v. Coll. of N.J.*,
997 F.3d 489 (3d Cir. 2021)..........................................................32

*Doe v. Genesis HealthCare*,
535 F. Supp. 3d 335 (E.D. Pa. 2021)................................18, 21, 24

*Doe v. Hartford Life & Acc. Ins. Co.*,
237 F.R.D. 545 (D.N.J. 2006).........................................................25

*Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*,
596 F.3d 1036 (9th Cir. 2010).......................................................18

*Doe v. Main Line Hosps., Inc.*,
No. 20-2637, 2020 WL 5210994 (E.D. Pa. Sept. 1, 2020)...............26

*Doe v. Megless*,
654 F.3d 404 (3d Cir. 2011)..................................................*passim*

*Doe v. Oshrin*,
299 F.R.D. 100 (D.N.J. 2014)........................................................24

*Doe v. Pa. Dep't of Corr.*,
585 F. Supp. 3d 797 (W.D. Pa. 2022).................................18, 19, 21

*Doe v. Rider Univ.*,
No. 16-4882, 2018 WL 3756950
(D.N.J. Aug. 7, 2018)...................................................21, 23, 26, 27

*Doe v. Rutgers*,
No. 18-12952, 2019 WL 1967021 (D.N.J. Apr. 30, 2019)...............20

*Doe v. Temple Univ.*,
No. 14-04729, 2014 WL 4375613 (E.D. Pa. Sept. 3, 2014).......26, 27

*Doe v. United States*,
No. 06-1426, 2007 WL 1703422 (W.D. Pa. June 11, 2007)............23

*Doe v. Was*,
No. 2:24-cv-05916, 2026 WL 2254540 (D.N.J. Aug. 4, 2026).........21

*E.B. v. Verniero*,
119 F.3d 1077 (3d Cir. 1997)........................................................17

*E.K. v. N.J. Dep't of Educ.*,
No. 20-14409,
2020 WL 12188149 (D.N.J. Nov. 19, 2020)..............................13, 31

*Erie Indem. Co. v. Stephenson*,
157 F.4th 265 (3d Cir. 2025).........................................................22

*Fennal v. JPMorgan Chase Bank, N.A.*,
No. 1:26-cv-00035, 2026 WL 2875724 (D.N.J. Sept. 24, 2026)......30

*Globe Newspaper Co. v. Superior Court*,
457 U.S. 596 (1982)....................12, 23

*J.W. v. District of Columbia*,
318 F.R.D. 196 (D.D.C. 2016)....................13, 21

*L.A. v. Hoffman*,
No. 14-6895, 2015 WL 4461852 (D.N.J. July 21, 2015)....................24

*L.B. v. Pittsburgh Pub. Sch. Dist.*,
No. 26-1470, 2026 WL 2123626 (W.D. Pa. July 23, 2026)....................14, 33

*M.D. v. Vineland City Bd. of Educ.*,
No. 1:19-cv-12154, 2024 WL 195371 (D.N.J. Jan. 17, 2024)....................13

*M.K.O. v. N.J. Dep't of Corr.*,
2020 WL 260903
(N.J. Super. Ct. App. Div. Jan. 17, 2020)....................4

*Medley v. Atl. Exposition Servs., Inc.*,
550 F. Supp. 3d 170 (D.N.J. 2021)....................28, 29

*Miller Indus. Towing Equip. Inc. v. NRC Indus.*,
659 F. Supp. 3d 451 (D.N.J. 2023)....................26

*Murray v. Ostrowski*,
No. 22-812, 2023 WL 8719174 (D.N.J. Dec. 18, 2023)....................29, 30

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994)....................28

*Publicker Indus., Inc. v. Cohen*,
733 F.2d 1059 (3d Cir. 1984)....................31

*Reyes v. Freebery*,
192 F. App'x 120 (3d Cir. 2006)....................32

*Ricketts v. Titusville Area Sch. Dist.*,
150 F.4th 634 (3d Cir. 2025)....................12

*Smith v. Doe*,
538 U.S. 84 (2003)....................18

**Statutes and Rules**

N.J. Stat. Ann. § 2A:82-46 .......... 5, 8, 12, 29, 30

N.J. Stat. Ann. § 2C:24-4 .......... 3, 4

N.J. Stat. Ann. § 9:6-1 .......... 4

Fed. R. Civ. P. 5.2 .......... 11, 29, 30

Fed. R. Civ. P. 15 .......... 10

L. Civ. R. 5.3 .......... 28, 30, 31, 32, 34

## PRELIMINARY STATEMENT

Plaintiff is a former Seton Hall law student suing the University for breaking a written promise to readmit him. He asks to litigate under his initials because his surname is the surname of two children. The charges that once named them as alleged victims were dismissed on January 29, 2018; Plaintiff was never convicted of any offense the indictment charged, and pleaded guilty only to two counts the State amended that day to allege the use of profane language in the children's hearing. But the criminal docket still carries his name beside the dismissed charges, and New Jersey makes the children's identities confidential by statute. Seton Hall placed his name on this Court's public docket 168 times, attached the criminal case jacket with a "Crime Type" field reading "SEXUAL ASSAULT," and then told the Court that the children cannot be identified from its filings. They can. Seton Hall's brief says Plaintiff was arrested for abusing "minor family members"; the public criminal docket, searched by the name Seton Hall supplied, tells the reader the rest.

Four reasons support the motion. *First*, the children's identities are confidential by federal rule and state statute, and this Court has

already ordered a parent's name redacted from its docket because the name was also the child's. *Second*, Plaintiff independently meets the Third Circuit's test for anonymity. A commercial background check has already reported, from the public court data, that he was found "GUILTY" of sexual conduct with a child, an offense of which he was never convicted. The complainants' mother has told a dozen of Plaintiff's relatives that he is a "child rapist and pedophile," has described his plea on a public news site as a deal that let a "scum bag" off, and has publicly urged that a man accused of the same kind of crime be beaten and killed. *Third*, Seton Hall put his name on this docket after he had moved for a pseudonym and before the Court ruled, a circumstance the Third Circuit took care to note was absent in the case that set the governing test. *Fourth*, redaction leaves every argument in Seton Hall's papers public; only a name, a surname, a government identifier, and a crime-type field for a dismissed charge come out.

The question is not whether an adult may hide a criminal record from the public. Plaintiff's conviction of record is for profane language, and he does not ask to conceal it. The question is whether a federal docket should become the one place where the surname of two protected

children sits beside the words "sexual assault"—charges the State dismissed and of which no court has ever convicted him. A ruling for Seton Hall would do what the Appellate Division and the Law Division each refused to do with the same record, and it would do so permanently, because commercial docket services copy federal filings within days.

The interim request is urgent. Seton Hall's response to the amended complaint is due about October 16, 2026, before this motion is fully briefed, and Seton Hall has refused in writing to use initials or temporary seal in the meantime. The Court should enter the first paragraph of the proposed order now.

## STATEMENT OF FACTS

### A. The State dismisses the sexual-assault counts, but the public docket still pairs Plaintiff's name with them.

In February 2017, while a third-year law student at Seton Hall, Plaintiff was arrested on a complaint alleging offenses against two minor relatives. (Decl. ¶ 3.) A grand jury returned six counts. At the plea hearing on January 29, 2018, the State dismissed the four counts alleging sexual assault and amended the other two to second-degree endangering under N.J. Stat. Ann. § 2C:24-4(a)(2), predicated on the

use of profane language in the hearing of children. *See* N.J. Stat. Ann. § 9:6-1(d). Plaintiff pleaded guilty to the two amended counts. (Decl. ¶ 4; ECF No. 18, Ex. I.) The Appellate Division later held that the Department of Corrections "acted arbitrarily in relying on dismissed charges, for which there was no quantum of proof established," and that the offense of conviction involved no sexual conduct. *M.K.O. v. N.J. Dep't of Corr.*, 2020 WL 260903, at *3–4 (N.J. Super. Ct. App. Div. Jan. 17, 2020). Plaintiff was released from custody on August 24, 2020, and completed his sentence when his term of supervision ended on or about November 4, 2020. (Decl. ¶ 4.)

The two complainants were under eighteen when the charges were brought, and they remain minors. They are Plaintiff's relatives, and they share his surname. (Decl. ¶ 5 (sealed).) New Jersey law provides that the "name, address, and identity" of a victim who was under eighteen at the time of an alleged offense under section 2C:24-4 "shall not appear on the indictment, complaint, or any other public record," that any court document stating that identity "shall be confidential and unavailable to the public," and that a court may impose

"further restrictions" to prevent "trauma or stigma to the victim." N.J. Stat. Ann. § 2A:82-46(a), (b), (d).

The public state docket does not keep the children's identities confidential in practice. A name search of the Judiciary's public criminal display returns Plaintiff's indictment detail, which lists the dismissed counts and shows a disposition of "GUILTY" beside the original statute, "ENDANGERING-SEXUAL CONDUCT WITH CHILD," with the amended statute shown only as a "change statute." (Decl. ¶ 6.) In July 2021, a commercial screening service marketed to real-estate agents reported from that data that Plaintiff's record showed "ENDANGERING-SEXUAL CONDUCT WITH CHILD BY NON — Disposition: GUILTY," together with the dismissed charge of "SEXUAL ASSAULT-VIC < 13." (Decl. ¶ 7; Sealed Ex. 3.)

### B. The complainants' mother circulates the charges, and commenters call for violence.

Plaintiff surrendered on the evening of February 13, 2017. At 1:41 the next morning, the complainants' mother texted Plaintiff's mother a screenshot of the public jail inmate-lookup page, with his booking photograph and the charges, and told her never to contact the family again. (B.O. Decl. ¶ 3, Ex. 1.) Within days she sent the same page by

Facebook message to a cousin of Plaintiff's mother, a woman she had never communicated with, writing that Plaintiff had "raped them both since they were infants." (R.A. Decl. ¶¶ 6–7, Ex. 2.) On February 20 she told Plaintiff's mother that the charges were "all public knowledge at this point" and that people "have the Internet to look charges up." (B.O. Decl. ¶ 4, Ex. 1.) On March 7, 2017, she wrote to twelve members of Plaintiff's extended family that he was a "child rapist and pedophile" who had "FAILED" a polygraph and that "ALL agree that he is guilty of these crimes." (R.A. Decl. ¶¶ 3–5, Ex. 1.)

The complainants' mother has also commented publicly, under the surname the children share, on news reports of child sexual-assault arrests in the county where she lives. In October 2015, under a news report that a local man had sexually assaulted two infants, she wrote: "Let the parents beat . . . and kill him!!!" (Decl. ¶ 8; Sealed Ex. 4-A.) On March 2, 2020, under a local news report that a Lacey Township man had been charged with luring a child, readers wrote "Just shoot him," "Put a bullet in" him, and "Chemically castrate them." Beneath those comments, and again under the children's surname, she wrote that families who go to the prosecutor "don't get this type of justice," that the

"Grand jury approved with added offenses!!!," and that prosecutors "plea these scum bags out" so that families can keep the case out of the paper. She did not name Plaintiff. The description matches his case, in which a grand jury returned counts the complaint had not charged and the State accepted a plea to amended counts. (Decl. ¶ 8; Sealed Ex. 4.) Plaintiff has paid $8,500 to have mugshot and jail-record pages that paired his name with the dismissed charges removed from commercial websites. (Decl. ¶ 9.)

### C. Two New Jersey courts protect the record; two requests fail.

Plaintiff has used his initials in every paper filed in this action, and he moved for leave to proceed under a pseudonym on July 23, 2026, the day he filed the complaint and before Seton Hall was served. (ECF No. 3; Decl. ¶ 2.) The Clerk terminated that motion when the action was dismissed for nonpayment of the filing fee, which Plaintiff paid the same day, and the Court has directed him to refile it. (ECF Nos. 4, 7, 17; Decl. ¶ 10.)

Two New Jersey courts have protected the same record. On September 24, 2020, the Appellate Division, at its own direction and without any request from Plaintiff, substituted "M.K.O." for his name in

its January 2020 opinion and sent the corrected opinion to West and LexisNexis. (Decl. ¶ 11; Sealed Ex. 5.) On September 1, 2026, the Law Division, ruling on Plaintiff's second petition for post-conviction relief, found under section 2A:82-46 that "good cause for disclosure" of records identifying the children "does not exist," excluded the petition from public access, and ordered the identifiers of Plaintiff's relatives redacted. (Decl. ¶ 12; Sealed Ex. 1.) Plaintiff's pending appeal from a child-welfare agency determination—that the original allegations were "not established"—also proceeds under initials. (Decl. ¶ 13.)

Two requests went the other way. In a closed habeas matter in this District, Plaintiff asked in 2021 and 2022 that the Court redact his name from, or seal, an opinion it had issued in October 2020. The Court denied the request on March 1, 2023, and denied reconsideration on April 18, 2023, while amending both opinions to record that the classification they described—based on the dismissed charges—had been removed. (Decl. ¶ 14; Sealed Exs. 6–7.) The Court found that Plaintiff had filed the petition without expressing privacy concerns, had offered "no concrete examples" of harm, and sought to conceal information "readily available elsewhere in the record." (Sealed Ex. 6 at

5–6.) The decision's caption and citation state the surname this motion asks the Court to protect, so this brief cites it only by sealed exhibit. A Rule 60(a) motion to conform the public versions of those opinions to the April 2023 amendments, and to substitute initials, has been pending there since July 15, 2026. (Decl. ¶ 15.) On October 1, 2026, the Appellate Division denied Plaintiff's motion to restrict access to the superseded version of its 2020 opinion, which one website still displays under his full name, noting that "the opinion in this court's system uses initials"; a further motion, asking that the Clerk send that website the notice it sent West and LexisNexis in 2020, is pending. (Decl. ¶ 16; Sealed Ex. 8.)

**D. Seton Hall files Plaintiff's name 168 times and refuses to stop.**

On September 29, 2026, Seton Hall moved to dismiss. Its brief states Plaintiff's full name in its first sentence and uses his surname as its defined term for him 168 times. (ECF No. 10-1 at 10; Decl. ¶ 17.) In the sentence after his name, it states that he "was arrested for allegedly abusing minor family members," and it later argues that the charges "were not dropped." (ECF No. 10-1 at 10, 40.) The accompanying certification captions the criminal case in his full name, (ECF No. 10-3

at 2), and attaches as Exhibit B a printout of the state case jacket showing his full name, his State Bureau of Identification number, and a "Crime Type" field reading "SEXUAL ASSAULT," (*id.* at 80–82). Seton Hall's own certification describes the conviction accurately, as endangering by abuse or neglect, without the exhibit. (ECF No. 16-1 ¶ 2.)

Plaintiff asked Seton Hall to consent to restricting access to those documents on September 30; it refused within hours and then opposed the emergent application. (ECF Nos. 12, 16.) Its opposition repeats, on six of its eleven pages, that the children share Plaintiff's surname, and it names him by surname. (ECF No. 16 at 2–3, 7–9, 11.) Seton Hall's response to the amended complaint, filed October 1, is due about October 16, 2026. Fed. R. Civ. P. 15(a)(3). On October 2, Plaintiff asked whether Seton Hall would consent to this motion and whether, until the Court rules, it would refer to him by initials in that response and file any identifying exhibit under temporary seal. Two days later counsel replied: "Seton Hall does not consent to any of your requested relief and requests to the Court. Seton Hall opposes and will oppose the relief you seek." (Decl. ¶¶ 31–32, Ex. 9.)

## ARGUMENT

Two independent grounds support anonymity: the children's protected identities (Part I) and Plaintiff's own showing under *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (Part II). Either suffices. The sealing request (Part III) follows from both, and the interim request (Part IV) preserves the Court's ability to decide them.

### I. Plaintiff should proceed by initials because his surname identifies two children whose identities the law protects.

Three steps establish the first ground: the children's identities are confidential; Plaintiff's surname is the link to them, and Seton Hall's filings supply it; and two New Jersey courts have already protected this record on that basis.

#### A. The children's identities are confidential by statute and by rule.

The Federal Rules already keep a minor's name off this docket. A filing that contains the name of a person known to be a minor "may include only" the minor's initials, Fed. R. Civ. P. 5.2(a)(3), and the Court "may order" redaction of "additional information" for good cause, Fed. R. Civ. P. 5.2(e)(1). The Third Circuit enforces the rule on its own motion: "In cases involving minor children, . . . a child's privacy interests

outweigh the public's interest in knowing their real name." *Ricketts v. Titusville Area Sch. Dist.*, 150 F.4th 634, 635 (3d Cir. 2025). The interest is strongest for a minor connected to allegations of sexual abuse, where the child's interest in avoiding "the embarrassment, stigma, and potential for retaliation that can attend public disclosure" would "seem to weigh heavily on the side of redaction." *Id.* at 636. "Safeguarding the physical and psychological well-being of a minor" is a compelling interest, and "the interests of parents and relatives" are among the factors a court weighs in protecting it. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607–08 (1982).

New Jersey's protection reaches further. For an endangering prosecution, the victim's "name, address, and identity" may not appear on "any other public record," any court document that states them is "confidential and unavailable to the public," and the court may impose "further restrictions" to prevent trauma or stigma. N.J. Stat. Ann. § 2A:82-46(a), (b), (d). This Court sits in diversity on a New Jersey contract claim, and it gives weight to the State's policy. It has done so in this very setting, sealing records to honor "the public policies of the State of New Jersey and the United States" that protect a minor from

"potentially harmful public exposure." *E.K. v. N.J. Dep't of Educ.*, No. 20-14409, 2020 WL 12188149, at *1 (D.N.J. Nov. 19, 2020); *see M.D. v. Vineland City Bd. of Educ.*, No. 1:19-cv-12154, 2024 WL 195371, at *16 (D.N.J. Jan. 17, 2024).

### B. Plaintiff's name is the link to the children, and Seton Hall's filings supply it.

An adult's name is redacted when disclosing it would identify a protected child. In *E.K.*, this Court ordered a parent's signature redacted because it "discloses her last name which is also [the child's] last name," "so as to protect [the child's] identity from public disclosure." 2020 WL 12188149, at *1–2. A father accused of sexually abusing a child has been allowed to proceed by initials because the children's "clear right to remain anonymous" would be "eviscerated" if the parents were named. *D.M. v. County of Berks*, 929 F. Supp. 2d 390, 402 (E.D. Pa. 2013). A child's and a parent's privacy interests are "intractably intertwined." *J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016). The Western District of Pennsylvania applied the same rule in July: "the close familial relationship between the minor Plaintiff and the adult Plaintiff compels the conclusion that the adult Plaintiff must also be permitted to proceed with this action using

initials." *L.B. v. Pittsburgh Pub. Sch. Dist.*, No. 26-1470, 2026 WL 2123626, at *1 (W.D. Pa. July 23, 2026). Even a decision denying a parent anonymity acknowledged that courts "are more willing to consider a parent's request to proceed anonymously when revelation of a parent's identity would have the practical impact of identifying a minor." *B.L. v. Fetherman*, No. 22-3471, 2023 WL 1818402, at *3 n.5 (D.N.J. Feb. 8, 2023).

The link here is tighter than in those cases, because the public criminal record ties the surname to the accusation. Seton Hall's brief says Plaintiff "was arrested for allegedly abusing minor family members" and supplies the name to search. (ECF No. 10-1 at 10.) The Judiciary's public display returns the indictment under that name, and the indictment states the relationship. (Decl. ¶ 6.) A reader thus learns that the alleged victims were two minor relatives of a man with Plaintiff's surname. Seton Hall answers that "minor family members" could mean relatives "with different surnames." (ECF No. 16 at 2.) It could, if the public record said nothing more. The record says more, and Seton Hall's exhibit points the reader to it.

Seton Hall's remaining answer is that Plaintiff identified the children himself by stating, in his emergent application, that they share his surname. (ECF No. 16 at 3, 8.) The application names no child, gives no initial, age, or address, and is filed under initials. (ECF No. 15.) The sentence identifies no one unless it is read beside Plaintiff's name, and Seton Hall, not Plaintiff, placed that name on this docket. Seton Hall then repeated the same fact on six pages of its own brief, beside his surname. (ECF No. 16 at 2–3, 7–9, 11.) A fact cannot identify the children on Plaintiff's page and no one on Seton Hall's. Plaintiff has in any event moved that fact into a sealed declaration and asks that ECF No. 15 be redacted along with Seton Hall's filings. (Decl. ¶ 5; Index ¶ 4.)

### C. Two New Jersey courts have already protected this record.

Whether these children's identities deserve protection on this record has been decided twice, each time in their favor. The Law Division found no good cause to disclose records identifying them and excluded Plaintiff's petition from public access. (Sealed Ex. 1 at 2, 4.) The Appellate Division, on its own initiative, replaced Plaintiff's name with initials in an opinion that describes the children as his nieces and notified the commercial publishers. (Sealed Ex. 5.) Neither court acted

on a theory of Plaintiff's reputation; both acted on the record Seton Hall has now placed before this one. The strength of the case for anonymity "increase[s] . . . when a litigant has taken prior steps to ensure anonymity within the judicial system." *Doe v. City of Philadelphia*, No. 23-0342, 2023 WL 4110064, at *3 (E.D. Pa. June 21, 2023) (collecting cases).

## II. Plaintiff independently satisfies the *Megless* test.

A party may proceed anonymously when he shows "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable," and when that fear outweighs the public's interest in open proceedings under the nine factors the Third Circuit endorsed in *Megless*. 654 F.3d at 408–09. The factors are not exhaustive; a court must also weigh "those factors which the facts of the particular case implicate." *Id.* at 409. The children's interest is such a factor. And *Megless* took care to note what its own facts did not present: "a situation where an opposing litigant publicized the identity of a party that wished to remain confidential with the intention of defeating a motion to proceed anonymously." *Id.* at 410.

### A. Plaintiff's fear of severe harm is reasonable and documented.

The harm at issue is not embarrassment. It is the circulation of a false report that Plaintiff was convicted of a sexual offense against a child, and the violence such reports provoke. Both have already happened. A screening service marketed to real-estate agents to vet prospective clients before meeting them reported, from the public court data, a "GUILTY" disposition for "SEXUAL CONDUCT WITH CHILD." (Sealed Ex. 3.) The complainants' mother circulated the jail-lookup page to Plaintiff's contacts and told a dozen relatives he was a "child rapist and pedophile." (R.A. Decl. Exs. 1–2.) On public comment boards she has urged that a man accused of assaulting children be beaten and killed, and she has described Plaintiff's plea, beneath readers calling for another accused man to be shot and castrated, as a deal that let a "scum bag" off. (Sealed Exs. 4, 4-A.) The Third Circuit has recognized that people publicly identified with sexual offenses against children "justifiably live in fear" of "private, unlawful violence and threats," and that public notification "puts the registrant's livelihood, domestic tranquility, and personal relationships with all around him in grave jeopardy." *E.B. v. Verniero*, 119 F.3d 1077, 1102, 1107 (3d Cir. 1997).

The humiliation from publicizing a criminal record increases "in proportion to the extent of the publicity," and "the geographic reach of the Internet is greater than anything which could have been designed in colonial times." *Smith v. Doe*, 538 U.S. 84, 99 (2003). And the record in *Smith* was accurate; here, the report circulating about Plaintiff incorrectly describes a dismissed charge as his conviction.

Courts in this Circuit credit documented harassment of this kind. A plaintiff's "complaints of past harassment and threats are credible and, in and of themselves, raise a heightened risk of future harassment and threats should [the plaintiff] lose their anonymity." *Doe v. Pa. Dep't of Corr.*, 585 F. Supp. 3d 797, 805 (W.D. Pa. 2022). A "litany" of hostile acts directed at the plaintiff establishes a reasonable fear. *Doe v. Genesis HealthCare*, 535 F. Supp. 3d 335, 340 (E.D. Pa. 2021). Whether online comments are idle or real is judged "in context," and "a plaintiff might reasonably fear a veiled threat of violence." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1044 (9th Cir. 2010) (cited in *Megless*, 654 F.3d at 408).

The context here is local and personal. The threats were aimed at another man, but they were posted in the county where Plaintiff was

jailed and the complainants' family live, under a report of the same kind of charge the State once brought against him. And the person who had already circulated his jail record joined that thread to describe his plea as a deal for a "scum bag." The same person had earlier called for a man accused of such a crime to be beaten and killed. A reasonable person in Plaintiff's position would expect that if his name is linked to the dismissed charge on a public record, the same audience will be pointed at him. The decisions that found online hostility insufficient involved "disapproval and frustration voiced by some members of the public," with no threat and no incident. *Fetherman*, 2023 WL 1818402, at *4–5. This record has both.

To be sure, most of the documented incidents date from 2017 to 2021. But past harassment and threats themselves raise the risk of future ones. *Pa. Dep't of Corr.*, 585 F. Supp. 3d at 805. And the source of the harm is not stale. The public display that produced the false "GUILTY" report reads the same way today, so the next screening report will repeat it. (Decl. ¶ 6.) Seton Hall's filings add a new and permanent source: a federal docket that commercial services copy within days. (Decl. ¶ 20.)

### B. The factors favoring anonymity are satisfied.

*Confidentiality*. The first factor asks how far the litigant has kept his identity confidential. *Megless*, 654 F.3d at 409. Plaintiff moved for a pseudonym the day he filed, before service, and has filed every paper under initials. (Decl. ¶ 2.) He obtained protection of the same record in two state courts and paid to remove the pages that paired his name with the dismissed charges. (Decl. ¶¶ 9, 11–12.) He has disclosed his involvement in this case to no one beyond the Court, Seton Hall, and three witnesses he asked to give declarations. (Decl. ¶ 18.) That record is the showing the cases require: a litigant who "make[s] substantial efforts to maintain anonymity" and "limi[ts] the disclosure of sensitive information to few other people." *Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *2 (D.N.J. Apr. 30, 2019). The court there rejected as an "insupportable leap" the argument that limited disclosure means no confidentiality, reserving the contrary finding for a name "already widely known." *Id.*

Seton Hall will answer that the name is on the public docket. But it is there because Seton Hall put it there, after Plaintiff had moved for a pseudonym and before the Court ruled. That disclosure is the

circumstance *Megless* distinguished from its own facts. 654 F.3d at 410. A disclosure "not initiated or condoned by" the plaintiff "does not weigh against anonymity under the first factor." *Pa. Dep't of Corr.*, 585 F. Supp. 3d at 803; *accord Genesis HealthCare*, 535 F. Supp. 3d at 341. The decisions that denied anonymity on this factor involved litigants who published the facts themselves: ninety-nine social-media posts under the plaintiff's own name, *Doe v. Was*, No. 2:24-cv-05916, 2026 WL 2254540, at *2 (D.N.J. Aug. 4, 2026); "crude sexual braggadocio" about the events at issue, *B.L. v. Zong*, No. 3:15-cv-1327, 2017 WL 1036474, at *4 (M.D. Pa. Mar. 17, 2017); a press statement by the plaintiff's own counsel, *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *8 (D.N.J. Aug. 7, 2018). Plaintiff has done the opposite at every turn.

Nor does the state criminal record defeat the factor. It exists in a different proceeding, under a different caption, in a database that must be searched by name. What Seton Hall's filings add is the link between that record and this case, on a federal docket that commercial services copy and republish, where "any person may learn of a particular individual's lawsuit through a simple computer search." *J.W.*, 318 F.R.D. at 199–200 (citation modified). Courts grant initials despite prior

true-name litigation when a child's interest is at stake. *D.M.*, 929 F. Supp. 2d at 402 & n.15; *see Zong*, 2017 WL 1036474, at *3.

The 2023 ruling in this District does not change the analysis. Three findings drove it, and none holds here. The Court found that Plaintiff had filed the petition without voicing any privacy concern and waited nearly a year to raise one; here he moved for a pseudonym the day he filed. It found "no concrete examples" of harm; the examples are now before the Court under oath. And it found the information "readily available elsewhere in the record" of that case; here the question is whether a new link should be created on this docket, where the children's interest, which that ruling never addressed, is at stake. (Sealed Ex. 6 at 5–6.) A ruling in a different case on a different record is not preclusive; issue preclusion requires "an identity of issues" and does not reach a question that turns on "new material facts." *Erie Indem. Co. v. Stephenson*, 157 F.4th 265, 278 (3d Cir. 2025). Nor is that ruling persuasive on the point now presented: it concerned a request to rewrite a published opinion after the fact, where the interest in access is strongest, not a request to use initials from the first day of a private contract suit. The decision Seton Hall may cite for a contrary rule

involved a plaintiff who litigated his earlier case under his own name after a denial, offered a showing of harm "supported by little more than the speculative arguments of his counsel," and asserted no interest of any child. *Doe v. United States*, No. 06-1426, 2007 WL 1703422, at *2 (W.D. Pa. June 11, 2007).

*Substantiality of the fear.* The second factor asks what harm the litigant fears and whether the fear is reasonable. *Megless*, 654 F.3d at 410. Part II.A answers it. This factor also carries the children's interest, which the law treats as compelling on its own. *Globe Newspaper*, 457 U.S. at 607.

*Public interest in confidentiality.* The third factor asks whether forcing disclosure would deter others "from litigating claims that the public would like to have litigated." *Megless*, 654 F.3d at 410. Denying anonymity to a person falsely accused of child sexual abuse "would likely deter those who have been falsely accused of sexual abuse from vindicating their rights," *D.M.*, 929 F. Supp. 2d at 402, and the public has an interest in protecting a litigant whose identification would reveal "vulnerable parties' identities, such as children and victims of crimes," *Rider*, 2018 WL 3756950, at *5 n.5 (citing *D.M.*, 929 F. Supp. 2d at 402).

*Nature of the issues.* The fourth factor asks whether the issues are purely legal. *Megless*, 654 F.3d at 409. This contract case will turn on documents and on what Seton Hall's dean wrote; Plaintiff's identity and the criminal charges are not issues in it. But the case is fact-dependent, and Plaintiff treats the factor as neutral. The public will retain full access to the docket and every filing in redacted form. *L.A. v. Hoffman*, No. 14-6895, 2015 WL 4461852, at *3 (D.N.J. July 21, 2015); *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014).

*Risk of forgoing the claim.* The fifth factor asks whether the litigant would abandon a valid claim rather than litigate under his name. *Megless*, 654 F.3d at 410. Plaintiff does not contend that he would abandon the claim, and he treats the factor as neutral. He notes only that the choice would not be his alone to make: litigating under his name would expose the children, who have no say in this case. *See Genesis HealthCare*, 535 F. Supp. 3d at 340–41.

*Ulterior motive.* The sixth factor asks whether the request has an illegitimate purpose. *Megless*, 654 F.3d at 411. Seton Hall has accused Plaintiff of raising the children's interest "in bad faith" to "conjure up" a basis for sealing. (ECF No. 16 at 7.) The record answers the charge.

Plaintiff raised the children's interest in the Law Division in August 2026, before Seton Hall filed anything, and obtained a ruling on it on September 1. (Sealed Ex. 1.) The Appellate Division acted on the same interest in 2020 without being asked. (Sealed Ex. 5.) A litigant who has sought the same protection, for the same children, in three courts over six years is not improvising.

### C. The factors disfavoring anonymity do not outweigh them.

The first factor against anonymity, "the universal level of public interest in access to the identities of litigants," applies in every case and is the "thumb on the scale" that Plaintiff must overcome. *Megless*, 654 F.3d at 409, 411. It "exists in some respect in all litigation and does not outweigh the strength of the factors in favor" of anonymity where those factors are strong. *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550–51 (D.N.J. 2006).

The second factor asks whether the subject matter or the litigant's status creates a "particularly strong" interest in knowing his identity. *Megless*, 654 F.3d at 409. Plaintiff is a private person; Seton Hall is a private university; the claims are for breach of contract and promissory estoppel over a readmission promise. The heightened interest in

*Megless* arose because the defendants were "public officials and government bodies." 654 F.3d at 411. In "a dispute between private parties—as opposed to public officials or figures or government bodies," the factor favors anonymity. *Doe v. Main Line Hosps., Inc.*, No. 20-2637, 2020 WL 5210994, at *5 (E.D. Pa. Sept. 1, 2020). The same distinction governs sealing: a case "between private parties" that involves no "government agency or a matter of 'public concern'" is not one "where the threshold for sealing is elevated." *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, 659 F. Supp. 3d 451, 469 (D.N.J. 2023).

The third factor asks whether the opposition is "illegitimately motivated." *Megless*, 654 F.3d at 409. Seton Hall says it opposes anonymity on principle. Plaintiff notes only the facts: Seton Hall filed his name after he had moved for a pseudonym, attached a case jacket whose crime-type field its own certification shows it did not need, and has refused to use initials even for the interval until the Court rules.

### D. The cases denying anonymity to students accused of sexual misconduct do not control.

Seton Hall will rely on the cases denying pseudonyms to students who sued their universities over disciplinary findings of sexual misconduct. *Rider*, 2018 WL 3756950, at *5; *Doe v. Temple Univ.*, No.

14-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014). Those decisions rest on three premises, each absent here.

First, the stigma those plaintiffs feared arose from the accusation at the center of their own suits, so that "open litigation" offered them "the opportunity to clear [their] name." *Rider*, 2018 WL 3756950, at *5 (citing *Megless*, 654 F.3d at 410). This suit is about a readmission promise; nothing Plaintiff could prove in it would clear his name of the dismissed charges.

Second, those plaintiffs feared only "embarrassment or economic harm." *Id.* Plaintiff has shown false reports, threats of violence, and the interest of two children.

Third, those cases involved campus sexual assault, a matter of "national attention" to which the plaintiff's name would "contribute." *Temple*, 2014 WL 4375613, at *2. A dispute over a stale-credit rule contributes to no debate. The fairness concern those cases express, that a defendant should not answer accusations made "from behind a cloak of anonymity," *Rider*, 2018 WL 3756950, at *8, has little force here: Plaintiff accuses no individual of misconduct, the dispute is over a

written promise rather than anyone's character, and the protection he seeks is the one the Rules already give the children.

### III. The Court should redact the identified filings under Local Civil Rule 5.3(c) because redaction removes the identifiers and leaves every argument public.

The party seeking to restrict access must show, document by document, "the nature of the materials," "the legitimate private or public interest which warrants the relief," "the clearly defined and serious injury that would result" without it, and "why a less restrictive alternative" is unavailable. L. Civ. R. 5.3(c)(3); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672–73 (3d Cir. 2019). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are not enough. *Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 204 (D.N.J. 2021) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The accompanying index makes that showing for each document, and the proposed findings track it.

*Nature, interest, and injury.* The material is Plaintiff's full name and surname, a government identification number, a crime-type field for a dismissed charge, and statements that the children share his

surname. The interests are the children's statutory confidentiality, N.J. Stat. Ann. § 2A:82-46; Fed. R. Civ. P. 5.2(a)(3), (e), and Plaintiff's interest in not being linked, on a permanent federal record, to criminal charges the State dismissed. A minor's name "is a valid subject of redaction and sealing," *Murray v. Ostrowski*, No. 22-812, 2023 WL 8719174, at *1 (D.N.J. Dec. 18, 2023), and this Court seals filings whose exposure of a non-party came about "through no fault or actions of their own," *Medley*, 550 F. Supp. 3d at 204. The injury is specific. Each day the documents remain public they can be copied by docket services and republished beyond the Court's reach. (Decl. ¶ 20.) The case jacket adds a distinct injury: it labels the case "SEXUAL ASSAULT," a charge the State dismissed, beside Plaintiff's name and a unique identifier. (ECF No. 10-3 at 80–82.)

*Less restrictive alternative.* Redaction is the less restrictive alternative, and it is what Plaintiff asks for. Every argument in Seton Hall's brief stays public; only the name, the surname, the identifier, the crime-type field, and the surname statements come out. Courts in this District order that relief in that form, keeping a document sealed until a redacted version is filed. *Bock v. Pressler & Pressler, LLP*, No. 11-7593,

2014 WL 1233039, at *4 (D.N.J. Mar. 25, 2014); *Ali v. Davis*, No. 19-18403, 2021 WL 2376733, at *2 (D.N.J. June 10, 2021) (temporary seal pending redacted copies where documents could identify a minor victim protected by section 2A:82-46). Seton Hall's own authority asks whether "targeted redaction" would mitigate the harm. *Fennal v. JPMorgan Chase Bank, N.A.*, No. 1:26-cv-00035, 2026 WL 2875724, at *4 (D.N.J. Sept. 24, 2026). It would, and Seton Hall has conceded as much by proposing "a targeted redaction of the phrase 'minor family members.'" (ECF No. 16 at 11.) That proposal accepts the premise: the phrase and the name together identify the children. Redacting the phrase alone would leave the name beside the criminal docket, which supplies the same information.

Seton Hall may argue that its exhibit is "the official record of a state-court proceeding" exempt from Rule 5.2(a). Fed. R. Civ. P. 5.2(b)(3). The exemption relieves a filer of the duty to redact; it does not limit the Court's authority to order redaction for good cause under Rule 5.2(e) or Local Civil Rule 5.3. This Court has drawn exactly that distinction, keeping state-court records on the docket "with appropriate redactions of the name of Plaintiff's minor child," *Murray*, 2023 WL 8719174, at *1,

and redacting a parent's surname from a filing for the same reason, *E.K.*, 2020 WL 12188149, at *1–2.

Plaintiff's own filings are included. He asks that ECF No. 15 and its attachments be replaced with versions that omit the surname statement, that the sealed exhibits to this motion remain under seal, and that the unredacted amended complaint, which states his true name for the Court's and Seton Hall's use, remain under seal with the redacted version at ECF No. 18 as the public pleading. (Index ¶¶ 4–6.) There is no prior sealing order here. Seton Hall objects. (Index ¶¶ 1–6.)

## IV. The Court should enter interim relief now because the identifying filings will multiply before this motion is decided.

The Court may "seal or otherwise restrict public access" on a temporary basis by written order while a motion to seal is pending. L. Civ. R. 5.3(c)(9). The Third Circuit regards such orders as proper "mechanisms with which to buttress the district court's attempt to preserve secrecy while it deliberate[s] on the question of confidentiality." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984). It has itself kept disputed filings "provisionally under seal" until the district court could apply the correct standard, *Avandia*, 924

F.3d at 675 n.9, and has upheld a temporary order entered to give the district judge "adequate time to make reasoned judgments regarding the material's confidential nature and third-party privacy concerns," *Reyes v. Freebery*, 192 F. App'x 120, 125 (3d Cir. 2006).

The need is concrete. Seton Hall's response to the amended complaint is due about a week before this motion is fully briefed, and Seton Hall has refused in writing to use initials or temporary seal in the meantime. (ECF No. 17; Decl. Ex. 9.) Without an interim order, the next filing that names him, and any record from another proceeding attached to it, will reach the public docket while the question whether such filings should be public is still before the Court. The Third Circuit hears appeals from orders denying anonymity before final judgment precisely because the harm is complete once a name is disclosed: "[t]hat bell cannot be unrung." *Doe v. Coll. of N.J.*, 997 F.3d 489, 494 (3d Cir. 2021). An interim order later vacated costs nothing.

The first paragraph of the proposed order therefore directs the parties, until the motion is decided, to refer to Plaintiff as "M.K.O." and to file any document that would identify him by name under temporary seal under Local Civil Rule 5.3(c)(4), with a redacted public version.

Courts in this Circuit enter orders in that form when they grant such motions. *Doe I v. Chaparro*, No. 25-13961, 2025 WL 3707509, at *6 (D.N.J. Dec. 22, 2025) (defendant "prohibited from filing or submitting any documents to the Court that contain references to Plaintiffs' legal names without specific order of this Court"); *L.B.*, 2026 WL 2123626, at *1 ("Any public filing that contains either of Plaintiffs' names and/or other identifying details shall be redacted before filing."). The order seals nothing prospectively; it channels identifying material into the temporary-seal procedure the Local Rules already provide, where the Court reviews each document.

## RELIEF REQUESTED

Plaintiff asks the Court to enter the proposed order, which (1) grants him leave to proceed as “M.K.O.,” with his identity disclosed to the Court and to Seton Hall under seal; (2) directs the parties to refer to him by initials and to file any identifying material under temporary seal, effective immediately and continuing after decision; (3) restricts access to ECF Nos. 10-1, 10-3, 15, 15-1, 15-2, and 16 and directs the filing of redacted versions within seven days; (4) seals the unredacted amended complaint and the sealed exhibits to this motion; and (5) makes the findings of fact and conclusions of law that Local Civil Rule 5.3(c)(6) requires.

## CERTIFICATION REGARDING CONSENT UNDER PARAGRAPH 13 OF THE CASE MANAGEMENT ORDER

On October 2, 2026, Plaintiff asked counsel for Seton Hall by email whether Seton Hall would consent to the relief sought in this motion, describing each request, and asked for a response by 12:00 p.m. Eastern Time on October 7, 2026. On October 4, 2026, counsel responded: "Seton Hall does not consent to any of your requested relief and requests to the Court. Seton Hall opposes and will oppose the relief you seek." Seton Hall therefore does not consent, and Plaintiff so certifies. A copy of the exchange is Exhibit 9 to the Declaration of M.K.O.

Dated: October 6, 2026

Respectfully submitted,

M.K.O.

M.K.O., Plaintiff Pro Se
8895 Towne Centre Drive
Suite 105, PMB 136
San Diego, CA 92122
(860) 479-1527
jensen661980@gmail.com