**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| M.K.O,<br><br>Plaintiff,<br><br>v.<br><br>SETON HALL UNIVERSITY,<br><br>Defendant. | Case No. 2:26-cv-9341 (SDW)(ADS)<br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff's Emergent Application for a Temporary Order Restricting Public Access pursuant to L. Civ. R. 5.3(c)(9), D.E. 15;

and Plaintiff's motion seeks an order temporarily sealing Defendant's Motion to Dismiss, D.E. 10-1, and the certification of Defendant's counsel, D.E. 10-3, pending a decision on a motion to seal that Plaintiff intends to file, D.E. 15 at 1;

and Plaintiff asserts that the challenged filings expose him to reputational harm and permit indirect identification of the alleged minor victims by linking his identity and the referenced criminal proceeding to information concerning those victims, *id.* at 1-2;

and Plaintiff seeks the interim relief of temporarily sealing those docket entries to avoid reputational harm to him and identification of minors until he files a motion to seal *id.* at 2-3;

and Defendant has opposed Plaintiff's emergent application to seal, D.E. 16;

and Plaintiff filed a reply brief, D.E. 20;

and L. Civ. R. 5.3(c)(9) provides that "on emergent application of a party, parties, nonparties or *sua sponte*, a Judge may seal or otherwise restrict public access to materials or judicial proceedings on a temporary basis";

and the public nonetheless has a well-settled right to records regarding judicial proceedings, *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001);

and the public's right of access is "a pervasive common law right to inspect and copy public records and documents, including judicial records and documents," *id.*;

and a party can only overcome this presumed right of access where good cause exists for the protection of the material at issue, *Nexus Pharms. Inc. v. Nevakar, Inc.*, No. 22-5683, 223 WL 1067241, at *1 (D.N.J. Jan. 27, 2023);

and Plaintiff's stated good cause for sealing is that Plaintiff claims he[1] will be injured by the public disclosure of his name in connection with criminal charges;

and Plaintiff's "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not demonstrate good cause to overcome the public's right of access, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994);[2]

and Plaintiff claims additional good cause exists to temporarily seal D.E., 10-1 and D.E. 10-3 because he shares a surname with certain unidentified minors connected to the criminal proceeding;

and Defendant's Motion to Dismiss and accompanying certification of Defendant's counsel, D.E. 10-1 and 10-3, describe those unidentified minors only as "minor family members";

and those unidentified minors are not otherwise named in D.E. 10-1 or D.E. 10-3;

---

[1] Plaintiff uses "he" and "his" in the application. D.E. 15 at 1 ("The brief at ECF No. 10-1 states his full name on its first page, adopts his surname as its defined term for him . . . In the sentence after his name, it states that he 'was arrested for allegedly abusing minor family members.'")

[2] It also appears that the Court has previously denied a motion to seal brought by Plaintiff in another case, No. 20-cv-6957, D.E. 12 (JMV) (D.N.J.). That Opinion and Order references the charges at issue here and Plaintiff's full name, which undercuts any claim that temporary sealing under L. Civ. R. 5.3(c)(9) is warranted.

and the Court has considered Plaintiff's contention that the challenged filings permit identification of the alleged minor victims indirectly, notwithstanding the absence of their names;

and assuming without deciding that N.J.S.A. 2A:82-46 (stating "the name, address, and identity of a victim who was under the age of 18 at the time of the alleged commission of an offense shall not appear on the indictment, complaint, or any other public record as defined in P.L. 1963, c.73 (C.47:1A-1 et seq.).") supplies a privacy interest relevant to this application, Plaintiff has not demonstrated, on the present record, how the information in D.E. 10-1 and 10-3 enables identification of a particular alleged victim or creates a concrete disclosure risk warranting an emergency restriction;

and Plaintiff's reply, D.E. 20, improperly seeking to expand the scope of documents requiring temporary sealing to now seek sealing of his own emergency application itself, D.E. 15, and Defendant's opposition to the emergency application, D.E. 16, *see In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023) (noting arguments raised for first time before in a reply brief are deemed forfeited);

**IT IS, on this 8th day of October, 2026,**

**ORDERED** that Plaintiff's Emergent Application for a Temporary Order Restricting Public Access pursuant to L. Civ. R. 5.3(c)(9), D.E. 15, is **DENIED**.

***s/ Alex D. Silagi***
Hon. Alex D. Silagi
United States Magistrate Judge