M.K.O.
8895 Towne Centre Drive, Suite 105, PMB 136
San Diego, CA 92122
(860) 479-1527 | jensen661980@gmail.com
Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| M.K.O., | |
| Plaintiff, | Civil Action No. 2:26-cv-09341 (SDW)(ADS) |
| v. | Motion Day: December 7, 2026 |
| SETON HALL UNIVERSITY, | Oral argument not requested |
| Defendant. | |

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY THE MAGISTRATE JUDGE UNDER 28 U.S.C. § 455(a)

M.K.O., Plaintiff Pro Se
On the Brief

# TABLE OF CONTENTS


PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 1

A. The Law School's deans made the decisions this suit challenges .......... 1

B. Public sources place the Court on the Law School's adjunct faculty during and after those years .......... 2

C. Plaintiff learned of the Court's role on November 10, 2026 .......... 3

ARGUMENT .......... 4

POINT I. Even if the Court's Case Management Order requires leave, the Court should grant it, because section 455 imposes a duty that does not depend on a motion .......... 4

POINT II. The Court should disqualify itself because a reasonable observer would question the impartiality of a judge who taught on the faculty of the Law School whose own decisions this suit challenges .......... 5

A. Section 455(a) asks how the facts would appear to a reasonable layperson .......... 5

B. Judiciary policy and the decisions applying it turn on whether the suit concerns the judge's law school .......... 6

C. This suit challenges the Law School's own decisions, made while the Court taught there .......... 7

POINT III. The motion is timely because Plaintiff moved within two days of learning the facts .......... 9

POINT IV. At minimum, the Court should disclose on the record the dates and nature of its role at the Law School .......... 10

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Easley v. Univ. of Mich. Bd. of Regents*,
906 F.2d 1143 (6th Cir. 1990)....................9

*Garrett v. Ohio State Univ.*,
60 F.4th 359 (6th Cir. 2023)....................9, 11

*In re Kensington Int'l Ltd.*,
368 F.3d 289 (3d Cir. 2004)....................5, 9, 10, 11

*J.C. v. Locha*,
No. 1:21-cv-12361, 2022 WL 702857 (D.N.J. Mar. 9, 2022) ....................7

*Jersey Asparagus Farms, Inc. v. Rutgers Univ.*,
No. 10-2849, 2011 WL 1584171 (D.N.J. Apr. 26, 2011) ....................6

*Liljeberg v. Health Servs. Acquisition Corp.*,
486 U.S. 847 (1988) ....................5

*Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*,
572 F.2d 953 (2d Cir. 1978)....................10

*Sessoms v. Trs. of Univ. of Pa.*,
No. 16-2954, 2017 WL 2242847 (E.D. Pa. May 23, 2017), *aff'd*, 739 F. App'x 84 (3d Cir. 2018)....................6, 10

*Szeinbach v. Ohio State Univ.*,
No. 2:08-cv-822, 2015 WL 12991136 (S.D. Ohio July 8, 2015)....................7

*Tonkovich v. Kan. Bd. of Regents*,
924 F. Supp. 1084 (D. Kan. 1996) ....................9

*United States v. Balistrieri*,
779 F.2d 1191 (7th Cir. 1985)....................4

*United States v. DeTemple*,
162 F.3d 279 (4th Cir. 1998) .......... 5

*United States v. Magloire*,
235 F. App'x 847 (3d Cir. 2007) .......... 4

*United States v. Moskovits*,
866 F. Supp. 178 (E.D. Pa. 1994) .......... 8, 11

**Statutes**

28 U.S.C. § 455(a) .......... *passim*

28 U.S.C. § 455(d)(1) .......... 5

28 U.S.C. § 455(e) .......... 11

**Other Authorities**

Case Management Order of the Hon. Alex D. Silagi, U.S.M.J. ¶ 4 .......... 4

Guide to Judiciary Policy, Compendium of Selected Ethics Advisory Opinions § 3.4-3(a) .......... 6

## PRELIMINARY STATEMENT

This suit challenges decisions that Seton Hall University School of Law's own deans made about Plaintiff's leave of absence and readmission between 2017 and 2021. Public sources show that the Court taught appellate advocacy on the Law School's adjunct faculty during those years and as recently as Spring 2023. Judiciary policy directs a judge who teaches at a law school to recuse from cases in which that school is a party, and the Third and Sixth Circuits, in declining recusal for a judge's law-school teaching, both relied on the law school's distance from the suit. This suit concerns the Law School itself. Plaintiff learned these facts on November 10, 2026, and moves within two days. The Court should disqualify itself under section 455(a) or, at minimum, disclose on the record the dates and nature of its role so the parties can respond.

## STATEMENT OF FACTS

### A. The Law School's deans made the decisions this suit challenges.

Plaintiff enrolled at Seton Hall University School of Law (the "Law School") in Fall 2013. (ECF No. 18 ¶ 51.) The amended complaint challenges how the Law School handled his leave of absence and readmission between 2017 and 2021. (*Id.* ¶¶ 1–3.) The Law School routed every decision about Plaintiff's academic status through its Associate Dean for Academic Affairs. (*Id.* ¶ 34.)

She placed Plaintiff on leave in March 2017. (*Id.*) In March 2019, she wrote that his leave had "automatically converted to a withdrawal." (*Id.* ¶ 45.) In December 2020, she denied readmission on the ground that Plaintiff was "out of time" to complete his remaining twenty-one credits. (*Id.* ¶ 51.) In January 2021, a former Law School adjunct professor asked her to reverse that decision, copying the Law School's Dean and Senior Associate Dean. (*Id.* ¶¶ 37, 54.) In February 2021, she answered that "in the School of Law's academic discretion, the School of Law will not reverse its position." (*Id.* ¶ 55.)

**B. Public sources place the Court on the Law School's adjunct faculty during and after those years.**

The Court graduated from the Law School in 2014 and served on its Moot Court Board. (Decl. of M.K.O. ("Decl.") Ex. A.) Plaintiff and the Court were students at the Law School at the same time. (Decl. ¶ 3; *see* Decl. Ex. E.) Plaintiff has had no personal dealings with the Court. (Decl. ¶ 4.)

The Court's appointment announcement reports that the Court "has taught appellate advocacy as an adjunct professor." (Decl. Ex. A.) From 2018 to 2020, the Court was an associate at Proskauer Rose LLP (*id.*), and its biography there stated that "[h]e is an adjunct professor at Seton Hall, where he teaches appellate advocacy" (Decl. Ex. B). In March 2022, the Law School announced that the Court had coached one of its moot court teams. (Decl. Ex. C.) A course listing shows the Court teaching Appellate Advocacy (MTCT 7151) at Seton Hall in Fall 2022 and

Spring 2023. (Decl. Ex. D.) These sources do not show when the Court's teaching began or ended, whether it was continuous, or whether it continues.

**C. Plaintiff learned of the Court's role on November 10, 2026.**

This action was reassigned to the Court on September 30, 2026. (ECF No. 11.) The Court has since ruled on several of Plaintiff's applications, *see, e.g.*, ECF Nos. 25, 36, and Plaintiff's motion to proceed under initials and to seal (ECF No. 22) and his request for reconsideration (ECF No. 38) remain pending. Plaintiff did not know of the Court's teaching role until November 10, 2026, when he searched the Court's name online and found Exhibits A through E. (Decl. ¶¶ 5–6.) Exhibit A, a law firm's announcement of the Court's appointment, had been posted on September 21, 2026. (Decl. Ex. A.)

## ARGUMENT

The Court should grant leave if its Case Management Order requires it (Point I) and disqualify itself, because a reasonable observer would question the impartiality of a judge who taught on the faculty of the Law School whose own decisions are at issue (Point II). The motion is timely (Point III). At minimum, the Court should disclose the facts of its role on the record (Point IV).

## POINT I

**Even if the Court's Case Management Order requires leave, the Court should grant it, because section 455 imposes a duty that does not depend on a motion.**

The Court's Case Management Order provides that, with exceptions not relevant here, "formal motions shall not be filed without prior leave of Court." Case Management Order of the Hon. Alex D. Silagi, U.S.M.J. ¶ 4. That requirement suits motions that ask the Court to act for a party. It suits this one poorly, because section 455 "imposes a duty on the judge to act sua sponte, even if no motion . . . is filed." *United States v. Magloire*, 235 F. App'x 847, 849 (3d Cir. 2007) (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985)). The question this motion raises is before the Court in whatever form it arrives. Plaintiff asks for leave to the extent that the Order requires it, so that the question can be decided now.

## POINT II

**The Court should disqualify itself because a reasonable observer would question the impartiality of a judge who taught on the faculty of the Law School whose own decisions this suit challenges.**

Section 455(a) turns on appearances (A). Judiciary policy and the decisions applying it ask whether the suit concerns the judge's law school (B). This one does, and the Court taught there while the challenged decisions were made (C).

### A. Section 455(a) asks how the facts would appear to a reasonable layperson.

A magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A proceeding includes its "pretrial" stages. *Id.* § 455(d)(1). The test "is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). That person is "the objective, reasonable layperson," not a judicial insider, who may regard a conflict "to be more innocuous than an outsider would." *Id.* at 303 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The statute exists "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Plaintiff suggests no actual bias; the question is how the facts would look to an informed outsider.

### B. Judiciary policy and the decisions applying it turn on whether the suit concerns the judge's law school.

Judiciary policy provides that "[a] judge who teaches at a law school should recuse from all cases involving that educational institution as party." *Sessoms v. Trs. of Univ. of Pa.*, No. 16-2954, 2017 WL 2242847, at *2 (E.D. Pa. May 23, 2017) (quoting Guide to Judiciary Policy, Compendium of Selected Ethics Advisory Opinions § 3.4-3(a)), *aff'd*, 739 F. App'x 84 (3d Cir. 2018). The *Sessoms* court read "that educational institution" to mean "the law school, not the entire university," and denied recusal because "the Defendant is not the law school itself, nor does the suit have anything to do with the law school." *Id.* When the party is the university but not the law school, the policy weighs "the size and cohesiveness of the university, the degree of independence of the law school, the nature of the case, and related factors." *Sessoms*, 739 F. App'x at 90.

Courts declining recusal for law-school ties have repeatedly pointed to the distance between the law school and the suit. The *Sessoms* claims concerned "a limited number of individuals in the human resources department of an exceptionally large, sprawling health system." 2017 WL 2242847, at *2. A judge of this Court explained that she had "no connection with the agricultural program at Rutgers, and it is that program's alleged conduct that forms the basis for Plaintiff's suit." *Jersey Asparagus Farms, Inc. v. Rutgers Univ.*, No. 10-2849, 2011 WL 1584171, at *2 (D.N.J. Apr. 26, 2011). Another found no bias from law-school

ties "where the instant suit is directed at other components of the university." *J.C. v. Locha*, No. 1:21-cv-12361, 2022 WL 702857, at *4 (D.N.J. Mar. 9, 2022). And a magistrate judge who taught as an adjunct at Ohio State's law school declined recusal because the case did "not call into question any conduct by any member of the law school faculty or any person affiliated with the law school." *Szeinbach v. Ohio State Univ.*, No. 2:08-cv-822, 2015 WL 12991136, at *2 (S.D. Ohio July 8, 2015).

### C. This suit challenges the Law School's own decisions, made while the Court taught there.

This suit sits on the other side of that line. Seton Hall University is the defendant because it answers for the Law School, and every decision the amended complaint challenges was made by the Law School's Associate Dean for Academic Affairs; the request to reverse those decisions went to the Law School's Dean and Senior Associate Dean. (ECF No. 18 ¶¶ 34, 37, 54–55.) The institution whose conduct is on trial is the Law School where the Court taught, so the policy's first sentence applies in substance. If the second sentence governs because the University is the named party, its factors point the same way: the nature of the case is a challenge to the Law School's own academic decisions.

The timing draws the connection closer. The Court's Proskauer biography, written during its 2018–2020 tenure there, described it as a current adjunct professor at Seton Hall. (Decl. Exs. A, B.) Those are the years in which the Law

School converted Plaintiff's leave to a withdrawal and refused to readmit him. (ECF No. 18 ¶¶ 45, 51.) The Court coached for the Law School in 2022 and taught there through Spring 2023, three years before this suit was filed. (Decl. Exs. C, D.) A layperson told that the judge reviewing a law school's decisions was on that school's faculty when the decisions were made would reasonably question whether the judge could view them from the outside.

Judge Pollak's handling of the same question confirms the point. A longtime lecturer at the University of Pennsylvania's law school, he first concluded that he need not recuse in a criminal case because the University was not "party to, or a victim of," the charged conduct and the defendant "was not a student at the Law School and the activities alleged in the indictment do not relate to the Law School." *United States v. Moskovits*, 866 F. Supp. 178, 180 (E.D. Pa. 1994). When the University later took a position adverse to the defendant, he disqualified himself, because his "close association with the University of Pennsylvania—an association of twenty years' standing—might reasonably be perceived by an objective external observer as a factor that could influence [him], even if unconsciously, to favor a result" that would serve the University's purpose. *Id.* at 181–82. The Court's association is shorter. But the two conditions Judge Pollak found missing at the outset are both present here: the University is a party, and the suit concerns a Law School student and the Law School's own decisions.

To be sure, adjunct teaching alone has not required recusal. The Sixth Circuit held that a judge's adjunct post at a party university's law school did not require recusal where the law school was "not involved in any of the allegations at issue." *Garrett v. Ohio State Univ.*, 60 F.4th 359, 369 (6th Cir. 2023) (citation modified). A Kansas court denied recusal in a former professor's suit against a law school where the magistrate judge "was once an adjunct instructor at the law school"; the opinion does not say when, or tie that service to the decisions at issue. *Tonkovich v. Kan. Bd. of Regents*, 924 F. Supp. 1084, 1086 (D. Kan. 1996). And alumni ties, even to a defendant law school, have not been enough. *See Garrett*, 60 F.4th at 371 (discussing *Easley v. Univ. of Mich. Bd. of Regents*, 906 F.2d 1143, 1145–46 (6th Cir. 1990)). None of these cases involved a judge who taught on the faculty of the defendant law school during the years its own deans made the challenged decisions.

## POINT III

**The motion is timely because Plaintiff moved within two days of learning the facts.**

Timeliness under section 455(a) turns on what the movant actually knew. The Third Circuit has held that "nothing short of actual knowledge of the facts giving rise to the recusal motions" satisfied the timeliness factor, and it declined to charge the movants with knowledge drawn from public records and trade periodicals. *Kensington*, 368 F.3d at 313–14. Plaintiff learned of the Court's

teaching role on November 10, 2026, and filed this motion within two days. (Decl. ¶¶ 5–6.)

The rule against holding back a known ground until after an adverse ruling does not reach this motion. That rule applies when a party's attorney "is aware of the grounds supporting recusal, but fails to act until the judge issues an adverse ruling." *Id.* at 314–15. Plaintiff has no attorney, and he did not know the grounds when the Court ruled on his earlier applications. (Decl. ¶ 5.) Nor does Exhibit A's September posting make the facts common knowledge. Constructive knowledge may substitute for actual knowledge when it is "so pervasive that it is tantamount to actual knowledge," as with a judge's former affiliation with a large local law firm. *Kensington*, 368 F.3d at 314 (citing *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958–59 (2d Cir. 1978)). A law firm's client alert, a biography reproduced on a lawyer-directory site, and a course-review website are not facts of that kind. And the judiciary policy that governs the question "does not seem to be publicly available" at all. *Sessoms*, 2017 WL 2242847, at *2 n.1.

## POINT IV

**At minimum, the Court should disclose on the record the dates and nature of its role at the Law School.**

The facts about the Court's role at the Law School are within the Court's own knowledge; Plaintiff has only what public sources show, and they leave gaps. (*See* Decl. Exs. A–D.) The Third Circuit has held that "if there is to be a burden of

disclosure, that burden is to be placed on the judge to disclose possible grounds for disqualification," because "the judge is in the best position to know of the circumstances supporting a recusal motion." *Kensington*, 368 F.3d at 313–14. Section 455(e) considers the same step: a party may waive a ground arising only under section 455(a) if the waiver is "preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e). Judges with teaching ties have taken that course. Judge Pollak wrote to counsel about his University ties so that they could "consider the matter for [them]selves." *Moskovits*, 866 F. Supp. at 180. The judge in *Garrett* told the parties at a status conference that he was teaching at the defendant's law school and invited any recusal motion, more than two years before one was filed. 60 F.4th at 364, 371.

If the Court does not disqualify itself, it should state on the record the years it taught or coached at the Law School, the nature of that role, whether it continues, and whether it has had professional contact with the deans whose decisions are at issue, and it should allow the parties fourteen days to respond.

## CONCLUSION

For these reasons, the Court should grant leave to the extent required, disqualify itself under 28 U.S.C. § 455(a), and direct the Clerk to reassign this action to another Magistrate Judge for all further proceedings, including the pending motion (ECF No. 22) and request for reconsideration (ECF No. 38). In the alternative, the Court should make the disclosure described in Point IV and allow the parties fourteen days to respond.

Respectfully submitted,

M.K.O.

M.K.O., Plaintiff Pro Se
8895 Towne Centre Drive
Suite 105, PMB 136
San Diego, CA 92122
(860) 479-1527
jensen661980@gmail.com

Dated: November 11, 2026