**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| M.K.O.,<br><br>Plaintiff,<br><br>v.<br><br>SETON HALL UNIVERSITY,<br><br>Defendant. | Civil Action No.: 2:26-cv-09341<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. Alex D. Silagi, U.S.M.J.<br><br>**MOTION DATE: December 7, 2026**<br><br>DOCUMENT ELECTRONICALLY FILED |

# DEFENDANT SETON HALL UNIVERSITY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. § 455(a)

**ARCHER & GREINER, P.C.**
**Patrick Papalia, Esq. (ID 015831993)**
ppapalia@archerlaw.com
**Ryan Paff, Esq. (ID 421962023)**
rpaff@archerlaw.com
Court Plaza South – West Wing
21 Main Street, Suite 353
Hackensack, New Jersey 07601
201-342-6000
*Attorneys for Defendant,*
*Seton Hall University*

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES ........................................................................ ii**

**PRELIMINARY STATEMENT ........................................................................ 1**

**PROCEDURAL HISTORY ........................................................................ 2**

**STANDARD OF REVIEW ........................................................................ 4**

**LEGAL ARGUMENT ........................................................................ 5**

**I. PLAINTIFF'S MOTION IS NOT TIMELY AND IS WITHOUT LEAVE ........................................................................ 5**

**A. Plaintiff had Constructive Knowledge of the Purported Grounds ........................................................................ 6**

**B. Plaintiff Failed to Act Until After He Received Adverse Rulings ........................................................................ 8**

**II. PLAINTIFF'S MOTION FAILS ON THE MERITS AND REFLECTS AN IMPERMISSIBLE ATTEMPT TO OBTAIN A DIFFERENT MAGISTRATE JUDGE ........................................................................ 10**

**A. A Reasonable Person Would Not Question Impartiality Given the Facts ........................................................................ 11**

**B. Given These Facts, a Reasonable Person Would View this Motion as Plaintiff's Attempt for a More Favorable New Judge ...... 16**

**CONCLUSION ........................................................................ 19**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Avila v. N.J.*,
No. 13-0779, 2013 WL 4597096 (D.N.J. Aug. 29, 2013) ....... 19

*Bolick v. Pa.*,
No. 05-5455, 2005 WL 3234630 (E.D. Pa. Nov. 10, 2005) ....... 19

*Brody v. President & Fellows of Harvard College*,
664 F.2d 10 (1st Cir. 1981) ....... 12

*In re Cammarata*,
No. 25-1188, 2026 WL 195005 (3d Cir. Jan. 26, 2026) ....... 18

*Cirba Inc. v. VMware, Inc.*,
No. 19-742, 2021 WL 4804350 (D. Del. Oct. 14, 2021) ....... 7

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. 17-151, 2025 WL 3170803 (D. Del. Nov. 13, 2025) ....... 6

*Garrett v. Ohio State Univ.*,
60 F.4th 359 (6th Cir. 2023) ....... 5

*J.C. v. Locha* ....... 13, 18

*Jersey Asparagus Farms, Inc. v. Rutgers Univ.*,
No. 10-2849, 2011 WL 1584171 (D.N.J. Aug. 26, 2011) ....... 12

*In re Kensington Intern. Ltd. (Kensington I)*,
353 F.3d 211 (3d Cir. 2003) ....... 4

*In re Kensington Intern. Ltd. (Kensington II)*,
368 F.3d 289 (3rd Cir. 2004) ....... 5, 6, 9, 10

*Liljeberg v. Health Servs. Acquisition Corp.*,
486 U.S. 847 (1988) ....... 15, 16

*Locha, Szeinbach v. Ohio State Univ.*,
No. 08-822, 2015 WL 12991136 (S.D. Ohio. July 8, 2015) ....... 13, 14

*Robinson v. Horizon Blue Cross Blue Shield of N.J.*,
No. 12-02981, 2015 WL 790578 (D.N.J. Feb. 24, 2015) .................................. 19

*Securacomm Consulting, Inc. v. Securacom Inc.*,
224 F.3d 273 (3d Cir. 2000) .................................. 18

*Sessoms v. Trustees of University of Pennsylvania*,
No. 16-2954, 2017 WL 2242847 (E.D. Pa. May 23, 2017) .................. 7, 11, 12

*Smith v. Danyo*,
585 F.2d 83 (3d Cir. 1978) .................................. 6

*In re Thornton*,
No. 24-1941, 2024 WL 3594361 (3d Cir. Jul. 31, 2024) .................................. 18

*Tonkovich v. Kan. Bd. of Regents*,
924 F. Supp. 1084 (D. Kan. 1996) .................................. 14

*United Rentals (N. Am.), Inc., v. Liberty Mutual Fire Ins. Co.*,
744 F. Supp. 3d 333 (D.N.J. 2024) .................................. 4, 17

*United States v. Magloire*,
235 F. App'x 847 (3d Cir. 2007) .................................. 6

*United States v. Moskovits*,
866 F. Supp. 178 (E.D. Pa. 1994) .................................. 14, 15

**Federal Statutes**

28 U.S.C. § 455(a) .................................. *passim*

Rutgers Law .................................. 13

**State Statutes**

National Health Law .................................. 11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................. 3

**Other Authorities**

Because *Sessom* .................................. 12

Guide to Judiciary Policy, Compendium of Selected Ethics Advisory Opinions, § 3.4-3(a)) .......... 12

New Jersey Judges, Trellis, https://trellis.law/judges/nj/ (last visited Nov. 23, 2026) .......... 7

## PRELIMINARY STATEMENT

Defendant, Seton Hall University ("Seton Hall"), submits this brief in opposition to Plaintiff M.K.O.'s ("Plaintiff") motion for an order recusing the Magistrate Judge, the Honorable Alex D. Silagi, U.S.M.J. (the "Magistrate Judge"), pursuant to 28 U.S.C. § 455(a) or, alternatively, directing the Court to disclose any teaching or volunteer roles that the Magistrate Judge has or previously has had with Seton Hall's School of Law ("Law School"). Plaintiff's motion must be denied in its entirety because it is procedurally deficient and substantively unsupported by the facts and the law. A reasonable person would not question the Magistrate Judge's impartiality; rather, this motion is a strategic maneuver by Plaintiff following adverse rulings against him on the merits related to his frivolous motions to conceal his identity.

First, Plaintiff's motion is not timely and is without prior leave of court. It is well established in the Third Circuit that, when a party is aware of the purported grounds warranting recusal but fails to act until the judge issues an adverse ruling, the recusal motion is not timely. Plaintiff self-servingly admits that it was only after multiple adverse rulings that he chose to scour the internet for information on the Magistrate Judge. Plaintiff also flagrantly admits that he failed to seek prior leave of court before filing his motion in violation of the Magistrate Judge's standing Case Management Order requiring such prior leave.

Second, a reasonable person with knowledge of all the facts would not question the Magistrate Judge's impartiality. The Magistrate Judge is *not* a current adjunct or faculty member of the Law School; Plaintiff's own exhibits show that the Magistrate Judge last taught at the Law School in Spring 2023, more than three years before this case was filed and before becoming the Magistrate Judge. Plaintiff's motion is an act of gamesmanship, not an ethical concern. Having repeatedly lost on efforts to conceal his identity and the record of this case from the public, Plaintiff now seeks to have a different magistrate judge decide his remaining pending motions to proceed under a pseudonym and for reconsideration. Section 455 is not intended to give litigants a veto power over sitting judges or a vehicle for obtaining a judge of their choice. As to Plaintiff's alternative request for the Court to disclose the extent of the Magistrate Judge's association with the Law School, such disclosure is not required given that the Magistrate Judge is not currently teaching at the Law School and has not for three years.

For these reasons as set forth more fully below, Seton Hall respectfully submits that the Court should deny Plaintiff's motion for recusal in its entirety.

## PROCEDURAL HISTORY

On July 24, 2026, Plaintiff filed a Complaint and motion to proceed under pseudonym in the United States District Court for the District of New Jersey. (ECF Nos. 1, 3). Initially, the case was assigned to Magistrate Judge James B. Clark III.

On August 14, 2026, the Court entered an Order dismissing the matter for failure to pay the filing fee. (ECF No. 7). After payment of the fee, the Complaint was reinstated on August 19, 2026. (*Id.*) On September 29, 2026, Seton Hall filed a motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). On September 30, 2026, Plaintiff submitted a letter to the Court requesting that it enter a temporary order sealing Seton Hall's motion to dismiss pending decision of Plaintiff's motion to proceed under a pseudonym. (ECF No. 13). On that date, Judge Clark recused himself and the case was assigned to Magistrate Judge Alex D. Silagi. (ECF No. 11). Later that same day, Plaintiff filed an emergent application to temporarily seal Seton Hall's motion to dismiss. (ECF No. 15).

On October 1, 2026, Plaintiff filed his Amended Complaint. (ECF No. 18). On October 6, 2026, Plaintiff re-filed his motion to proceed under a pseudonym and to seal, as directed by the Court. (ECF No. 22). On October 9, 2026, the Court denied Plaintiff's emergent application to seal. (ECF No. 25). On October 29, 2026, Seton Hall filed its motion to dismiss the Amended Complaint. (ECF No. 33). That same day, Plaintiff filed a request to restrict from public view the declaration in support of Seton Hall's motion to dismiss the Amended Complaint. (ECF No. 34). On November 4, 2026, the Court denied Plaintiff's request. (ECF No. 36). That

same day, Plaintiff filed a motion for reconsideration of the Court's Order denying his request. (ECF No. 38).

On November 5, 2026, Plaintiff filed another letter requesting that the Court keep this case under a pseudonym pending appeal to the District Judge if the Magistrate Judge denies the motion to proceed under a pseudonym, and for leave to file a second reply to his motion to proceed under a pseudonym. (ECF No. 37). On November 10, 2026, the Court denied Plaintiff's request as premature and denied Plaintiff leave to file a second reply. (ECF No. 40). The very next day, Plaintiff filed the instant motion for recusal of Magistrate Judge. (ECF No. 41).

## STANDARD OF REVIEW

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for recusal under the statute is 'whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" *United Rentals (N. Am.), Inc., v. Liberty Mutual Fire Ins. Co.*, 744 F. Supp. 3d 333, 339 (D.N.J. 2024) (quoting *In re Kensington Intern. Ltd. (Kensington I)*, 353 F.3d 211, 220 (3d Cir. 2003)).

In deciding whether recusal is warranted, the court may also consider whether the movant "knew or should have known" about the alleged conflict and the movant's "true motivations for filing the recusal motion", including whether it is

"based on ethical considerations . . . [or] strategic maneuvers by the [movant]." *See In re Kensington Intern. Ltd. (Kensington II)*, 368 F.3d 289, 312 (3rd Cir. 2004). On a motion to disqualify, the court is not required to "accept as true the allegations made by the party seeking recusal." *Garrett v. Ohio State Univ.*, 60 F.4th 359, 368 (6th Cir. 2023) (finding the judge did not abuse his discretion in determining Section 455 did not require recusal where judge was previously an adjunct member but was "not involved in any of the allegations at issue in these cases").

## LEGAL ARGUMENT

Plaintiff's motion to disqualify the Magistrate Judge should be dismissed because it is procedurally deficient and substantively unsupported by the law or facts, which demonstrate Plaintiff knew about the Magistrate Judge's assignment in September 2026, but waited until four of his applications were denied before seeking the disqualification of the Magistrate Judge in November 2026. Further, as the Plaintiff admits, the Magistrate Judge has not taught at the Law School for nearly three years. Therefore, the motion should be denied in its entirety.

## I. PLAINTIFF'S MOTION IS NOT TIMELY AND IS WITHOUT LEAVE

The Magistrate Judge was assigned to this case in September 2026; Plaintiff failed to file his motion until November 2026, only after he received four denials of his repeated meritless applications to proceed under pseudonym. Plaintiff also failed to seek prior leave from the court before filing this motion.

Motions for recusal must be timely made. "[W]hen a party's attorney is aware of the grounds supporting recusal, but fails to act until the judge issues an adverse ruling, the recusal motion is not timely." *Kensington II*, 368 F.3d at 314-15. The reason for the court's timeliness requirement to file recusal motions is that "'[t]he judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming.'" *Id.* at 312 (quoting *Smith v. Danyo*, 585 F.2d 83, 86 (3d Cir. 1978)).[1] As detailed herein, Plaintiff had the constructive knowledge but held back on pursuing his motion until after he received unfavorable rulings. Therefore, this motion should be denied.

**A. Plaintiff had Constructive Knowledge of the Purported Grounds**

The Third Circuit has expressly recognized that "[t]here may be instances in which constructive knowledge is so pervasive that it is tantamount to actual knowledge[.]" *Kensington II*, 368 F.3d at 314. Courts have found this type of pervasive constructive knowledge where a judge was formerly affiliated with a large law firm located in the same community. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-151, 2025 WL 3170803, at *7 (D. Del. Nov. 13,

[1] Plaintiff's reliance on *United States v. Magloire*, 235 F. App'x 847, 849 (3d Cir. 2007) is inapposite because the issue of timeliness of a Section 455 disqualification motion was not before the court.

2025) (denying portion of motion to disqualify predicated on grounds constructively known but waived due to delay); *Cirba Inc. v. VMware, Inc.*, No. 19-742, 2021 WL 4804350, at *7-8 (D. Del. Oct. 14, 2021) (denying motion to disqualify and finding constructive knowledge waived the objection).

Here, Plaintiff concedes this legal principle but argues that the sources he located are not "facts of that kind" despite that they are also public resources as in the case law cited (Pl. Br. at 10); *see Sessoms*, *infra*. Plaintiff self-servingly asserts that his motion is timely because he "moved within two days of learning" of the Magistrate Judge's prior association with the Law School. (Pl. Br. at 9-10; Pl. Decl. ¶¶ 5-6). Nonetheless, the Court need not resolve whether Plaintiff's account is credible, because Plaintiff's constructive knowledge of the Magistrate Judge's prior association with the Law School is so pervasive that it is tantamount to actual knowledge. The Law School is one of two New Jersey law schools, located within walking distance of the Magistrate Judge's chambers in Newark. Nine of the twenty judges currently sitting in the Newark Vicinage graduated from the Law School, and several federal judges throughout the State teach there or have taught there[2]. The Magistrate Judge's prior association with the Law School is readily available online, as Plaintiff's own declaration demonstrates. (Pl. Decl. ¶¶ 6-7, Exs. A-E). Indeed, Plaintiff's Exhibit A is an announcement of the Magistrate Judge's appointment that

[2] New Jersey Judges, Trellis, https://trellis.law/judges/nj/ (last visited Nov. 23, 2026).

was posted on September 21, 2026, nearly two months before Plaintiff filed this motion. (Pl. Decl. ¶ 7, Ex. A). Days later, the Magistrate Judge was assigned to this matter. (ECF No. 11).

Plaintiff therefore knew or should have known of the Magistrate Judge's former association with the Law School. The Magistrate Judge's association with the Law School is thus so obvious and publicly known, that Plaintiff had actual knowledge of it long before he filed this motion, warranting its dismissal.

**B. Plaintiff Failed to Act Until After He Received Adverse Rulings**

Even though Plaintiff knew or should have known about the purported grounds for his motion in September 2026, Plaintiff waited until November 2026 to file his motion because he received four adverse rulings from the Magistrate Judge. By Plaintiff's own admission that he "moved within two days of learning" of the Magistrate Judge's prior association with the Law School, Plaintiff demonstrates that it was not until after he received four adverse rulings, that he decided to start looking for ways to remove the Magistrate Judge from the case. (Pl. Br. at 9-10; Pl. Decl. ¶¶ 5-6). From the day Plaintiff filed his Complaint, he has been preoccupied with concealing his identity and criminal history from the public. (*See* ECF Nos. 3, 13, 15, 22; Pl. Decl. ¶¶ 5-6). All four of these adverse rulings from the Magistrate Judge concerned Plaintiff's attempts to conceal his identity, including (1) denial of Plaintiff's emergent application for a temporary order sealing ECF Nos. 10-1 and

10-3 (ECF No. 25), (2) denial of Plaintiff's request to restrict public access to ECF No. 33-5 (ECF No. 36), (3) denial, as premature, of Plaintiff's request to keep this case under a pseudonym pending an appeal to the District Judge in the event the Magistrate Judge denies his motion to proceed under a pseudonym (ECF No. 40), and (4) denial of Plaintiff's request for leave to file a second reply in further support of his motion to proceed under a pseudonym (ECF No. 40).

It is no coincidence that Plaintiff filed this motion on the heels of these rulings, and while his other motions again seeking to proceed under a pseudonym and to seal (*see* ECF No. 36) remain pending. Each of these adverse rulings arises from the same issue that is central to Plaintiff – to conceal his identity and the record of this case from the public. (ECF Nos. 25, 36, 40). Having lost on that issue repeatedly, Plaintiff now seeks to remove the magistrate judge who decided it and will decide the remaining applications. This is precisely the practice that the timeliness requirement forbids – knowledge of circumstances that suggest bias and holding back when favorable results do not result.

Plaintiff blatantly misrepresents the case law to this Court by arguing that the ability to impute knowledge does not apply to him or his motion because he "has no attorney". (Pl. Br. at 10). That is completely false. Instead, the court in *Kensington II* identified an example of when knowledge is imputed, reasoning that an attorney's knowledge can be imputed to his client because the client would otherwise escape

the consequences of what his representative knew. *Kensington II*, 368 F.3d at 314-15. Plaintiff, who is proceeding *pro se* and is himself a former law student (earning both a J.D. and L.L.M.), needs no agent to supply his knowledge; he possessed it himself. (*See* ECF No. 40). Plaintiff cannot avoid the timeliness requirement simply by choosing to research the Magistrate Judge's background only after he did not get the results he wanted. As an aside, Plaintiff also admittedly failed to obtain prior leave of court pursuant to the Magistrate Judge's standing Case Management Order. (Pl. Br. at 4).

Accordingly, because Plaintiff's motion is not timely and without leave, it should be denied.

## II. PLAINTIFF'S MOTION FAILS ON THE MERITS AND REFLECTS AN IMPERMISSIBLE ATTEMPT TO OBTAIN A DIFFERENT MAGISTRATE JUDGE

Even if Plaintiff's motion were timely, it fails on the merits. A reasonable person, with knowledge of all the facts, would not question the Magistrate Judge's impartiality. Instead, the facts demonstrate that the Magistrate Judge has not taught at the Law School for years, that Plaintiff could have easily find out the Magistrate Judge's history with Seton Hall months earlier, and that Plaintiff waited until after he received four unfavorable decisions from the Magistrate Judge to file this motion.

### A. A Reasonable Person Would Not Question Impartiality Given the Facts

Plaintiff contends the Magistrate Judge should recuse himself from this matter because of his prior affiliation with the Law School. (Pl. Br. at 7-9). That argument is entirely baseless because the Magistrate Judge is not a faculty member of the Law School and has not taught there for several years. Notably, Plaintiff's own exhibits indicate that the Magistrate Judge's most recent semesters teaching at the Law School were Fall 2022 and Spring 2023, more than three years before this case was filed. (*See* Pl. Decl., Exs. A-B, D). Additionally, Plaintiff's exhibits reveal that the Magistrate Judge served as a coach for one of the Law School's Interscholastic Moot Court Board's competition teams during the Spring 2022 semester (*see* Pl. Decl., Ex. C), which was years after Plaintiff competed in and won the National Health Law Competition in 2013, while he was a student. (*See* Pl. Decl., Ex. E).

Plaintiff nevertheless relies on a litany of cases that are either distorted, misrepresented, or actually support the Court's denial of his motion for recusal. For instance, Plaintiff primarily relies on *Sessoms v. Trustees of University of Pennsylvania*, No. 16-2954, 2017 WL 2242847 (E.D. Pa. May 23, 2017), and the judicial ethics guidance discussed therein. (Pl. Br. at 6-7). However, his reliance is misplaced. *Sessoms* involved a judge who was actively serving as an adjunct professor at the University of Pennsylvania Law School. 2017 WL 2242847, at *1. The ethics guidance cited in *Semmons* similarly instructed judges who were teaching

at law schools to recuse themselves from all cases where the educational institution was a party. *Id.* at *1-2 (quoting Guide to Judiciary Policy, Compendium of Selected Ethics Advisory Opinions, § 3.4-3(a)). Here, by contrast, the Magistrate Judge has not taught at the Law School for more than three years before this case was filed. (*See* Pl. Decl., Ex. D). Because *Sessom* addressed an ongoing teaching relationship and ethics guidance applicable to judges who are actively teaching, it does not support recusal here, where the Magistrate Judge's affiliation ended years before this action was filed.

Indeed, "[w]here the interest asserted bears only a tangential relationship to the subject matter of the suit, the alleged bias is [too] attenuated." *Jersey Asparagus Farms, Inc. v. Rutgers Univ.*, No. 10-2849, 2011 WL 1584171, at *5 (D.N.J. Aug. 26, 2011) (quoting *Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 12 (1st Cir. 1981)). Similar to the judge in the *Jersey Asparagus Farms* case, who was not an adjunct faculty member at Rutgers University, the Magistrate Judge, here, is also not an adjunct faculty member at Seton Hall. *Id.* at *2-3 (denying motion to disqualify). While the Magistrate Judge may have been an active adjunct faculty member in years past, that connection is too attenuated to support recusal. Further, the judge in *Jersey Asparagus Farms* found no basis to disqualify herself even though her husband remained an active faculty member at Rutgers University. *Id.* Plaintiff does not even allege such a familial tie here. (*See generally* Pl. Br.).

The same principle guided the court's analysis in *J.C. v. Locha*, where the judge's connections to Rutgers University were substantially more extensive than the circumstances presented here. No. 21-12361, 2022 WL 702857 (D.N.J. Mar. 9, 2022). Plaintiff's reliance on *J.C.* is therefore equally misplaced. (Pl. Br. at 6-7). In *J.C.*, the plaintiff sought recusal based on the district judge's "ties to Rutgers University", including prior teaching at Rutgers Law School, participation in law school programs, and the hiring of Rutgers interns and law clerks. 2022 WL 702857, at *1. As pertinent here, the court rejected the motion, holding that a reasonable person would not conclude the "Court's impartiality might reasonably be questioned" because he had "not taught at Rutgers Law School for many years", a former teaching position was "insufficient to warrant recusal", he received no "money or any kind of financial incentive from Rutgers", and neither his hiring of Rutgers students nor his participation on an uncompensated advisory board established bias toward Rutgers. *Id.* at *3. The connections deemed insufficient in *Locha* were substantially more extensive than those alleged here. Accordingly, Plaintiff's reliance on the Magistrate Judge's prior teaching and moot court involvement does not provide any basis for recusal.

The remaining authorities Plaintiff cites fare no better. Like *Locha*, *Szeinbach v. Ohio State Univ.*, No. 08-822, 2015 WL 12991136 (S.D. Ohio. July 8, 2015) is misplaced as it supports denial of Plaintiff's motion. (Pl. Br. at 7). In *Szeinbach*,

the court stated, "[l]ooking at the various factors present in this case, none would appear to support recusal." 2015 WL 12991136, at *2. "This case does not call into question any conduct by any member of the law school faculty or any person affiliated with the law school." *Id.* Certainly, "there is a duty to sit when no valid basis for recusal has been shown." *Id.* at *3. The Court should likewise be "reluctant to create, in the absence of any supporting case law or commentary, what would amount to a rule of automatic recusal in every case involving" Seton Hall's former adjuncts. *Id.*; *Tonkovich v. Kan. Bd. of Regents*, 924 F. Supp. 1084, 1086-88 (D. Kan. 1996) (denying plaintiff's motion for recusal, which was based on the allegation that the judge was once an adjunct faculty member).

Nor does *United States v. Moskovits*, 866 F. Supp. 178, 179-80 (E.D. Pa. 1994) support Plaintiff's position. (Pl. Br. at 8). There, the district judge had substantially closer and ongoing connections to the University of Pennsylvania, having served as a full-time law school faculty member before joining the bench, continuing to teach there as a lecturer while serving as a judge, and having a spouse employed by the university. *Moskovits*, 866 F. Supp. at 179-80. Despite those relationships, the district judge initially concluded that recusal was unwarranted because the university was "not alleged to be party to, or a victim of, any of the activities covered in the indictment" and the defendant "was not a student at the Law School and the activities alleged in the indictment do not relate to the Law School."

*Id.* Although the court later reconsidered the issue after the defendant, a former university student, introduced a letter he received from a judicial inquiry officer of the university while he was incarcerated, advising him that a complaint had been initiated against him for violations of the university's code of conduct, based on his "conviction" in his criminal action before the district judge, this still did not change the decision to not disqualify. *Id.* at 180-81. *Moskovitz* does not suggest that a judge's prior academic affiliated with a university, on its own, mandates recusal. Here, Plaintiff identifies nothing comparable and instead relies solely on the Magistrate Judge's limited associated with the Law School, which ended three years before he initiated this action.

Plaintiff's reliance on caselaw involving direct personal involvement in matters impacting a university is even further distinguishable. Unlike the petitioner and judge in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988), Plaintiff and the Magistrate Judge had no dealings with each other while at the Law School, as Plaintiff admits (Pl. Br. at 2; Pl. Decl. ¶¶ 3-4). In *Liljeberg*, the judge had previously sat on the Board of Trustees of Loyola University while the petitioner, a real estate developer, was a negotiating with Loyola University to purchase land from it. 486 U.S. at 850-51. It was found that the judge had direct knowledge of the negotiations from his time as a board member and that he participated in meetings discussing the negotiations. *Id.* at 851-52. The judge then presided over a lawsuit

brought against the petitioner by an acquisition corporation as to the identical land, seeking a declaration of ownership. *Id.* at 850. Instead, here, Plaintiff admits that he and the Magistrate Judge did not know each other while they were in Law School and that the Magistrate Judge did not work for Seton Hall as an adjunct faculty member until after Plaintiff was dismissed from the Law School.

Ultimately, Plaintiff identifies nothing more than a former adjunct teaching role and limited moot court involvement that ended years before the current litigation began. Those facts fall short of the types of relationships courts have found sufficient to warrant recusal. Moreover, the Magistrate Judge's former association with the Law School is hardly unique among the judges of this District. The Law School is located within the Newark Vicinage, and nine of the twenty judges currently chambered in Newark graduated from the Law School. A reasonable person, aware that a substantial portion of the bench shares a connection to the Law School, would not conclude that the Magistrate Judge's limited role years ago – before he was on the bench – as an adjunct professor teaching one class gives rise to any appearance of partiality toward Seton Hall. Accordingly, Plaintiff's motion should be denied.

### B. Given These Facts, a Reasonable Person Would View this Motion as Plaintiff's Attempt for a More Favorable New Judge

Following the Court's provident rejection of Plaintiff's multiple, baseless attempts to hide his identity, Plaintiff filed a premature application to keep his name

under a pseudonym in the event his motion to proceed anonymously is denied. (*See* ECF No. 40). That application suggests that Plaintiff does not believe he will prevail on his motion to proceed under a pseudonym. Plaintiff then filed the instant motion so that his motion to proceed under a pseudonym, which remains pending, would be decided by a different magistrate judge.

Given this procedural history, *United Rentals*, a recent District Court of New Jersey case, is directly on point. There, the defendant insurer, Liberty Mutual, moved to recuse the district judge under Section 455(a) after the court issued decisions on dispositive motions that were unfavorable to Liberty Mutual. *United Rentals,* 744 F. Supp. 3d at 347-48. Liberty Mutual had full knowledge of, and access to, all of the information on which its motion relied from the beginning of the litigation. *Id.* Its purported "discovery" of that information was a reaction to the court's denial of its motion for summary judgment. *Id.* at 348. The court denied the motion for recusal explaining:

> Liberty Mutual conducted a search of its files for pejorative information about the undersigned because Liberty Mutual was offended by the tone of the Court's summary judgment opinion. Liberty Mutual then used this information as a basis for a motion to recuse the Court because it obviously was dissatisfied with the results of the case to date and sought to have another judge appointed to adjudicate the remaining claims. *Section 455 is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice*.

*Id.* (emphasis added) (internal quotation marks omitted).

The same is true here. Like Liberty Mutual, Plaintiff had access to the information underlying his motion from the outset of this case; he attended the Law School alongside the Magistrate Judge, and the Magistrate Judge's background was publicly available online. (Pl. Decl. ¶¶ 3, 7, Ex. A). Like Liberty Mutual, Plaintiff claims to have searched for that information only after the Court issued rulings he did not like. (Pl. Decl. ¶¶ 5-6; ECF Nos. 25, 36, 40). And, like Liberty Mutual, Plaintiff used that information as the basis for a recusal motion because he is dissatisfied with the results of the case to date and seeks to have another judge decide his pending motions to proceed under a pseudonym and for reconsideration. Indeed, Plaintiff's proposed order expressly asks that the case be reassigned to another magistrate judge for all further proceedings, including the pending motions. Section 455(a) does not permit Plaintiff to veto the Magistrate Judge or to obtain a judge of his choice.

Further, to the extent Plaintiff's recusal request is based on the Court's previous denials of his applications and motions, the Third Circuit has repeatedly held, "'a party's displeasure with legal rulings does not form an adequate basis for recusal.'" *In re Cammarata*, No. 25-1188, 2026 WL 195005, at *2 (3d Cir. Jan. 26, 2026) (quoting *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000)); *In re Thornton*, No. 24-1941, 2024 WL 3594361, at *2 (3d Cir. Jul. 31, 2024) (citing *Securacomm*, 224 F.3d at 278); *see J.C.*, 2022 WL 702857, at *4

(concluding the "only evidence of any bias" against the plaintiff was the court's decisions in a prior action was "not sufficient to show actual bias"); *Robinson v. Horizon Blue Cross Blue Shield of N.J.*, No. 12-02981, 2015 WL 790578, at *4 (D.N.J. Feb. 24, 2015) ("Plaintiff's motion expresses nothing more than disagreement with this Court's prior rulings and therefore does not form the basis of recusal."); *Avila v. N.J.*, No. 13-0779, 2013 WL 4597096, at *3 (D.N.J. Aug. 29, 2013) ("[A]n adverse decision, even if it is adverse on all issues raised, is not evidence of bias, especially when it is supported by the law and facts."); *see also Bolick v. Pa.*, No. 05-5455, 2005 WL 3234630, *2 (E.D. Pa. Nov. 10, 2005) ("The undersigned district judge cannot be disqualified under 28 U.S.C. § 455(a) merely because [plaintiff] disagrees with his decision.").

Accordingly, Plaintiff's motion should be denied.

## CONCLUSION

For the reasons set forth above, Seton Hall respectfully requests this Court deny Plaintiff's motion for recusal pursuant to 28 U.S.C. § 455(a) in its entirety.

Respectfully submitted,

/s/ Patrick Papalia
**ARCHER & GREINER, P.C.**
Patrick Papalia, Esq. (ID 015831993)
ppapalia@archerlaw.com
Ryan Paff, Esq. (ID 421962023)
rpaff@archerlaw.com
Court Plaza South – West Wing
21 Main Street, Suite 353
Hackensack, New Jersey 07601
201-342-6000
*Attorneys for Defendant,*
*Seton Hall University*

Dated: November 23, 2026

233030972 v1